1          ** E-filed on 7/27/05 **

2

3

4

5

6

7                          NOT FOR CITATION

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12   MARY SNOW,                           Case Number C 05-00599 JF

13                    Plaintiff,          ORDER DENYING PLAINTIFF'S
                                          MOTION TO REMAND
14          v.
                                          [Docket No. 6]
15   AT&T CORPORATION, NATALIE CLINTON,
     and DOES 1-25, inclusive,

16
                     Defendants.
17

18
            Plaintiff Mary Snow ("Snow") moves to remand the instant action to the Santa Clara
19
     Superior Court.  Defendants oppose the motion.  The Court has read the moving and responding
20
     papers and has considered the oral arguments of counsel presented on July 22, 2005.  For the
21
     reasons set forth below, the motion to remand will be denied.
22
                                    **I. BACKGROUND**
23
            Snow is a former employee of Defendant AT&T Corporation ("AT&T"), where she was
24
     supervised by Defendant Natalie Clinton ("Clinton").  Snow alleges that she was being
25
     considered for a promotion, but that Clinton recommended her for termination upon learning that
26
     she was absent on maternity leave.  Snow was terminated by AT&T on April 30, 2004.  On
27
     December 8, 2004, Snow filed an action against AT&T and Clinton (collectively "Defendants")
28

1   in the Santa Clara County Superior Court, alleging various state law claims for employment

2   discrimination, wrongful termination, unfair business practices and intentional infliction of

3   emotional distress.  Snow mailed a copy of the summons and complaint to AT&T on December

4   30, 2004.  Enclosed with the service packet was a "Notice and Acknowledgment of Receipt"

5   form ("the Form") that AT&T was to sign, date, and return to Snow in order to complete service.

6   AT&T did return the form to Snow.  The form contains two spaces that require the recipient to

7   indicate a date.  In this instance, the "Date of receipt" was indicated as January 4, 2005, and the

8   "Date this form is signed" was indicated as January 19, 2005.  Betts Decl., Ex. 1.  Clinton was

9   personally served on January 11, 2005.  On February 9, 2005, Defendants removed the action to

10  this Court on the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. §

11  1332.  Snow filed the instant motion to remand the case to state court on March 10, 2005,

12  alleging that Defendants' notice of removal was not timely filed.

### II. LEGAL STANDARD

14          Pursuant to 28 U.S.C. § 1441(a), often referred to as "the removal statute," a defendant

15  may remove an action to federal court if the plaintiff could have filed the action in federal court

16  initially.  28 U.S.C. § 1441(a); *see also Ethridge v. Harbor House Restaurant*, 861 F.2d 1389,

17  1393 (9th Cir. 1988).  A party may file an action in federal court if there is diversity of

18  citizenship among the parties or if the action raises a substantial federal question.  *Ethridge*, 861

19  F.2d at 1393.  The party invoking the removal statute bears the burden of establishing federal

20  jurisdiction.  *Id*.  The removal statute is strictly construed against removal.  *Id*.  The matter

21  therefore should be remanded if there is any doubt as to the existence of federal jurisdiction.

22  *Gaus v. Miles, Inc.*, 980 F.2d 564, 565 (9th Cir. 1992).

### III. DISCUSSION

24          Snow moves to remand this action to state court on the ground that Defendants' notice of

25  removal was not timely filed.[1]  In a civil action, a notice of removal "shall be filed within thirty

26

27

28          [1] In her original motion, Snow also argued that Defendants failed to sufficiently establish
    diversity.  However, Snow withdrew this argument in her reply brief.

Case No. C 05-00599 JF
ORDER DENYING PLAINTIFF'S MOTION TO DISMISS
(JFEX2)

1  days after the receipt by the defendant, through service or otherwise, of a copy of the initial

2  pleading setting forth the claim for relief upon which such action or proceeding is based."  28

3  U.S.C. § 1446(b).  The Supreme Court has held that the "defendant's time to remove is triggered

4  by simultaneous service of the summons and complaint . . . but not by mere receipt of the

5  complaint unattended by any formal service."  *Murphy Brothers, Inc. v. Michetti Pipe Stringing,*

6  *Inc.*, 526 U.S. 344, 347-48 (1999).

7       The issue before the Court, then, is when the complaint and summons were formally

8  served upon AT&T.[2]  The California Code of Civil Procedure states that "[s]ervice of a summons

9  . . . is deemed complete on the date a written acknowledgment of receipt of summons is

10  executed, if such acknowledgment thereafter is returned to the sender."  Cal. Civ. Proc. Code §

11  414.30(c).  Snow argues that the Form was signed, and thus executed, on January 4, 2005, the

12  date marked on the Form as "Date of receipt."  Snow bases this contention on the fact that the

13  "Date of receipt" appears on the Form on the same line as the "Signature of person

14  acknowledging receipt."  Betts Decl., Ex. 1.  In this case, thirty days from Snow's proposed date

15  of formal service was February 3, 2005, which would render untimely Defendants' filing of the

16  notice of removal on February 9, 2005.  However, if the "Date of receipt" line was intended to

17  indicate the date on which the Form was signed, there would be no need to have a separate line

18  explicitly indicated as the "Date this form is signed."  While the placement of the "Date of

19  receipt" line adjacent to the "Signature of person acknowledging receipt" line may lend itself to

20  some confusion, the only reasonable construction of the Form supports a conclusion that the

21  Form was signed and executed on the date entered on the line marked "Date this form is signed,"

22  which is January 19, 2005.  Thirty days from January 19, 2005 was February 18, 2005, thus

23  Defendants' filing of the notice of removal on February 9, 2005 was timely.

24  //

25  //

26

27

28
    [2] There is no dispute as to the fact that Clinton was personally served on January 11, 2005, and that Defendants' notice of removal was filed within thirty days thereafter.

Case No. C 05-00599 JF
ORDER DENYING PLAINTIFF'S MOTION TO DISMISS
(JFEX2)

1

### IV. ORDER

2    Good cause therefore appearing, IT IS HEREBY ORDERED that Snow's motion to

3    remand is DENIED.[3]

4

5

6

7

8    DATED: July 22, 2005

9

10                                                   /s/ electronic signature authorized
                                                     JEREMY FOGEL

11                                                   United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   ───────────────────

28    [3] In finding that removal by Defendants was proper, this order renders moot Snow's
     request for attorney's fees and costs incurred as a result of removal.

4

1   This Order has been served upon the following persons:

2   Rod Betts                             rbetts@paulplevin.com

3   Clint J. Brayton                      cbrayton@schneiderwallace.com

4   Melissa Judith Listug Klick   mklick@paulplevin.com, dbaranowski@paulplevin.com

5   Todd M. Schneider                tschneider@schneiderwallace.com

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 05-00599 JF
ORDER DENYING PLAINTIFF'S MOTION TO DISMISS
(JFEX2)